UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC KENNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| KRAFT HEINZ FOODS COMPANY, LLC, | ) | |
| and ALLIED RELIABILITY GROUP, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Eric Kenner, by and through his attorney of record, and files this

Complaint against Defendant Kraft Heinz Foods Company, LLC and Defendant Allied

Reliability Group (hereafter referred to as "Defendants"). Plaintiff states:

### Jurisdiction and Venue

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

2.      Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1343, as well as

42 U.S.C. § 2000e-5(f)(3).

3.      Venue is proper under 28 U.S. C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

4.      Plaintiff has satisfied the administrative prerequisites to suit under Title VII.

### Parties

5.      Plaintiff Eric Kenner is an African-American man and resident of Laplace,

Louisiana. At all relevant times, he was employed by Defendants as a Line Operator and Forklift

Driver at the Kraft food processing plant at 2504 Industrial Road, Kirksville, Missouri, 63501.

6.      Defendant Kraft Heinz Food Company ("Kraft") operated the food processing

plant where Plaintiff worked and whose primary place of business is One PPG Place, Suite 3100,

Pittsburgh, PA 15222.

7.      Defendant Allied Reliability Group ("Allied") at all relevant times coordinated

staffing of the Kraft processing plant and whose primary place of business is 4200 Faber Place

Drive, Charleston, SC 29405.

### Count I – Title VII

8.      Plaintiff hereby incorporates the averments contained in paragraphs 1 through 7

as they were restated fully herein.

9.      Plaintiff lives in Laplace, Louisiana but works throughout the the United States.

In June 2017, he applied and was hired through Defendant Allied to work at Defendant Kraft's

food processing plant in Kirksville, Missouri.

10.      Plaintiff's first day working at the Kraft plant was July 3, 2017, as a Line

Operator. He worked long hours, often times working more than 12 hours a day.

11.      Soon after Plaintiff began working at Kraft, Plaintiff's line supervisor and Kraft

employee, Dennis [LNU], intentionally assigned Plaintiff undesirable jobs, criticized him in front

of other workers, and repeatedly referred to Plaintiff as "boy."

12.      Plaintiff tried to ignore the harassment, but Dennis continued.

13.      Plaintiff made several complaints about Dennis's behavior to Kraft and Allied

supervisors. Plaintiff was clear that Dennis was behaving in a racist manner, treating him and

other African Americans worse than caucasian workers. These complaints included two separate

visits to Kraft Human Resources to complain about Plaintiff's discriminatory behavior.

14.     Upon information and belief, Dennis knew that Plaintiff had made complaints against him and the nature of those complaints.

15.     Defendants then reassigned Plaintiff and another African American co-worker from Dennis's direct supervision, and to the Kraft warehouse to drive a forklift.

16.     For Plaintiff's first day working in the warehouse, Plaintiff reported to the Kraft facility at approximately 3:30 AM to wait for his new supervisor. However, Dennis met Plaintiff and told him that he must work with him and train his employees. Plaintiff did not argue and worked the full 12-hour shift under Dennis's supervision, training fellow co-workers to cut meat.

17.     The next day, on or around August 29, 2017, Plaintiff showed up to work in the warehouse at approximately 3:30 AM. Again, Dennis stated that he would not be working his assigned job driving a forklift, and Plaintiff had to work with him.

18.     Plaintiff stated that Dennis was no longer his supervisor and that Plaintiff would wait for instructions from his current supervisor. Dennis stated that if he didn't come with him, then he'd have to leave the Kraft facility. Plaintiff then stated that he'd like to first speak to Human Resources before going with Dennis.

19.     Dennis became angry. He called Plaintiff a "lazy nigger" and that no one leaves his crew without paying a price. Dennis then escorted Plaintiff outside.

20.     Plaintiff walked home and returned to the Kraft facility later that morning. Plaintiff attempted to tell Defendants what Dennis had said, but he was not allowed to explain what happened. At that time he was told he was terminated.

21.     Defendants, by their actions, including but not limited to those described above, discriminated against Plaintiff because of race and retaliated against him for complaining about the discrimination, in violation of Title VII to the Civil Rights Act of 1964.

22.     As a result of Defendants' actions as described herein, Plaintiff has suffered undiagnosed emotional pain, suffering, humiliation, inconvenience, mental anguish, and the loss of enjoyment of life.

23.     In addition, Plaintiff has lost income in an amount to be proven at trial, and has incurred and will continue to incur attorney's fees, costs and expenses of suit.

24.     Defendants' conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and as such, warrants an award of punitive damages in such sum as will serve to punish Defendants and to deter him and others from like conduct.

25.     WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendants and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## Count II – 42 U.S.C. § 1981

26.     Plaintiff hereby incorporates the averments contained in paragraphs 1 through 25 as they were restated fully herein.

27.     Plaintiff's discharge was motivated, in whole or in part, by his race.

– 4 –

28.     By Defendants' actions and conduct alleged herein, Defendants intentionally deprived Plaintiff of the same right to make and enforce contracts as enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

29.     By Defendants' actions and conduct alleged herein, Defendants retaliated against Plaintiff in violation of 42 U.S.C. § 1981.

30.     As a result of Defendants' actions alleged herein, Plaintiff has suffered lost wages and benefits of employment; suffered emotional distress and mental anguish; and has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

31.     Defendants' conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and as such, warrants an award of punitive damages in such sum as will serve to punish Defendants and to deter them and others from like conduct.

32.     WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendants and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

Respectfully Submitted,

**CARTER LAW FIRM, LLC**

 /s/   Jase Carter
Jase Carter, #63752
3407 S. Jefferson Ave., #109
St. Louis, MO 63118
Telephone:     (314) 675–1882
Email:          jase@carterfirm.law

*Attorney for Plaintiff Eric Kenner*

– 5 –